NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGIA DILEO., <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY STATE POLICE, et al., <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 2:12-cv-02196 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of the New Jersey State Police ("NJSP") and Brian Markowski ("Markowski") (collectively "Defendants") to Dismiss the Complaint of Plaintiff Georgia DiLeo ("Plaintiff") pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion is **granted**.

**I.    BACKGROUND[1]**

On February 8, 2009, Markwoski, a New Jersey State Trooper, stopped Plaintiff's vehicle in Paterson, New Jersey. Plaintiff's ex-husband, who was later found to be in possession of illegal narcotics, was also in the vehicle. A routine background investigation revealed that Plaintiff's vehicle registration was expired. Although she alleges that Markowski had no reason

---

[1] The facts from this section are taken from the parties' pleadings.

1

to believe that she was under the influence of drugs or alcohol, Plaintiff states that she was then subjected to a field sobriety test. Plaintiff claims that she passed the sobriety test, and that Markowski then began to search her vehicle. Plaintiff states that she informed Markowski that she is bipolar and that she does not do well in confined areas due to post traumatic stress disorder ("PTSD") that she suffers as a result of being abused as a child. Plaintiff claims that Markowski ignored her, confined her in the police car, and continued to search her vehicle. Plaintiff states that this "traumatized her" and "caused her to become ill."

Plaintiff states that she was then transported to the police barracks, where two Breathalyzer tests were administered. Plaintiff claims that the tests showed no signs of alcohol in her system and that she was then questioned about the drugs that her ex-husband was found carrying. Plaintiff states that she denied having any knowledge of the drugs. Plaintiff claims that a trooper then told her that she would need to submit to a strip search. Plaintiff states that she told the trooper that she could not be placed in a bathroom with another individual or confined to a small space due to her PTSD and that she asked the trooper to call her doctor. Plaintiff claims that she was then instructed to provide a urine sample, and that a female trooper came into the bathroom with her to ensure that she did not tamper with the sample. Plaintiff alleges that this caused her to have "senses of re-victimization, intense fear, helplessness and horror." Plaintiff claims that a male trooper then knocked on the bathroom door and informed her that she would not be strip searched. Plaintiff states that she began to hysterically cry and have an emotional breakdown and that the trooper did not call for medical assistance or offer to take her to a hospital.

Plaintiff was issued three citations - one for making an unsafe lane change, one for driving with an expired registration, and one for driving while intoxicated. Plaintiff alleges that

2

she was forced to appear at least eight times before the Paterson Municipal Court over the next ten months and that the troopers who issued the citations never appeared at any of the court dates. Plaintiff claims that each time she appeared before the municipal court was "a continuation of the traumatic experience causing recklessness, lack of sleep and increased anxiety, and diagnosis that her PTSD had been reclassified to complex PTSD."

Plaintiff, acting *pro se*, filed a Notice of Tort Claim on December 29, 2009. On May 24, 2010, counsel retained by Plaintiff sent a letter to NJSP complaining of Plaintiff's experience. Plaintiff commenced the instant action on January 5, 2012 in Passaic County Superior Court. On March 7, 2012, Plaintiff filed her First Amended Complaint. On April 12, 2012, Defendants removed the case to this Court due to Plaintiff's inclusion of a federal constitutional claim. On May 11, 2012, Plaintiff filed a Motion to Amend Complaint and Remand, seeking to dismiss her federal claim and remand the case back to state court. Defendants opposed this motion, arguing that diversity jurisdiction exists. On December 6, 2012, this Court denied Plaintiff's Motion to Remand but allowed her to amend her Complaint. Plaintiff's Second Amended Complaint asserts six counts. Count one alleges a violation of Plaintiff's state constitutional rights. However, Plaintiff does not specify which provision of the New Jersey Constitution she seeks relief under. Counts two, five, and six allege negligence. Counts three and four both assert claims based on Markowski's failure to appear at Plaintiff's municipal court proceedings; however, while count four is a false arrest claim, it is unclear what specific cause of action Plaintiff alleges in count three. Plaintiff clarifies in her Opposition that count three alleges negligence as well as a violation of the New Jersey Constitution, although she again fails to state which provision of the New Jersey Constitution she seeks relief under.[2]

---

[2] Plaintiff's Opposition also states that if this Court denies Defendants' Motion to Dismiss, she intends to again amend her Complaint to clarify that count four is in fact a malicious prosecution claim.

3

Defendants filed the instant Motion to Dismiss on March 1, 2013 ("Def.'s Mot.," ECF No. 22). Plaintiff filed an Opposition on April 2, 2013 ("Pl.'s Opp'n," ECF No. 29). Defendants filed a Reply on April 9, 2013 (ECF No. 31).

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III. DISCUSSION

Defendants assert that all of Plaintiff's claims must be dismissed as untimely. The statute of limitations for Plaintiff's negligence and false assert claims is two years. N.J.S.A. § 2A:14-2.

4

The statute of limitations for Plaintiff's claims arising under the New Jersey Constitution is also two years. Brodie v. Gloucester Twp., No. 11-1914, 2012 WL 295291, at *5 (D.N.J. Feb. 1, 2012). Plaintiff's traffic stop and detention occurred on February 8, 2009, and Plaintiff did not file suit until January 5, 2012. However, Plaintiff argues that the statute of limitations should be tolled for reasons of insanity pursuant to N.J.S.A. § 2A:14-21, or, alternatively, that it should be tolled pursuant to the equitable tolling doctrine.

### A. Tolling for Insanity

Under N.J.S.A. § 2A:14-21:

> If any person . . . is or shall be, at the time of any such cause of action . . . accruing, under the age of 21 years, or insane, such person may commence such action . . . within such time as limited by said sections, after his coming to or being of full age or of sane mind.

To be deemed insane under this statute, a plaintiff "must suffer from 'such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action.'" Todish v. CIGNA Corp., 206 F.3d 303, 306 (3d Cir. 2000) (quoting Kyle v. Green Acres at Verona, Inc., 207 A.2d 513, 521 (N.J. 1965)). In Todish, the Third Circuit found that although the plaintiff had a "history of mental difficulties," she did not meet the test for insanity under New Jersey's tolling statute. Id. at 306-307. The Court reasoned that a number of the plaintiff's actions, such as "her attempt to find legal counsel for [a] grievance hearing . . . her attempts to obtain a transcript of that hearing, [and] her filing multiple times for Social Security benefits" showed that "her mental impairments did not prevent her from understanding her legal rights or from instituting legal action." Id. at 307. Similarly, in In re Bernheim Litigation, 290 B.R. 249, 263 (D.N.J. 2003), the Court found that the "extensive record of [the plaintiff's] litigation activities" showed that he was not insane under New Jersey's tolling statute.

In the present case, Plaintiff argues that Defendants' Motion to Dismiss is premature because only experts are qualified to decide whether Plaintiff is insane. However, the Third Circuit has held that "expert testimony is not required to establish whether or not a litigant is 'insane' for purposes of N.J.S.A. § 2A:14-21." Nicolas v. Ocean Plaza Condo. Ass'n, Inc., 73 F. App'x 537, 541 (3d Cir. 2003). Further, the record shows that Plaintiff was able to understand her legal rights and institute legal action during the two years after her traffic stop and detention. For example, Plaintiff, who was acting *pro se* at the time, filed a Notice of Tort Claim in December 2009. In this Notice of Tort Claim, Plaintiff listed witnesses, described her injuries, and stated that she intended to bring a claim for malicious prosecution (Def's Mot., Ex. A). Further, Plaintiff searched for and found an attorney no later than May 24, 2010, as evidenced by a letter sent on that date by the attorney to the NJSP complaining of Plaintiff's experience. Accordingly, this Court finds that the statute of limitations should not be tolled pursuant to N.J.S.A. § 2A:14-21.

### B. Equitable Tolling

A court can toll a statute of limitations "when principles of equity would make [its] rigid application unfair." Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008) (citation omitted). Equitable tolling is appropriate "(1) [if] the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Id. The facts of this case do not suggest that the first or third circumstance is applicable. Thus, this Court must decide whether Plaintiff "has in some extraordinary way been prevented from asserting [her] rights."

Plaintiff's counsel first argues that Plaintiff's mental issues make it difficult for an attorney to file a suit against police officers because such a cause of action "must be

contemplated seriously in order not to offend or wrongfully accuse an officer who clearly has a difficult job on a daily basis" (Pl.'s Opp'n at 15). This argument is unpersuasive, as Plaintiff's counsel has not alleged that he uncovered any information after the statute of limitations had run that suddenly gave him confidence that he would not "offend or wrongfully accuse" Defendants by filing suit. Second, Plaintiff's counsel argues that it was improper for the internal investigation by the NJSP on this matter to take longer than 120 days. However, the fact that the internal investigation was not completed within 120 days in no way prevented Plaintiff's counsel from bringing her suit within time required by the statute of limitations, as Plaintiff's counsel was not required to wait for the results of the investigation to file the Complaint. Finally, Plaintiff's counsel argues that Plaintiff's insanity "was exacerbated" by the misconduct of Defendants. However, as discussed above, Plaintiff's insanity did not prelude her understanding of her ability to bring a legal action, as evidenced by her filing of a Notice of Tort claim and by the fact that she hired counsel. Accordingly, this Court finds that the doctrine of equitable tolling is inapplicable.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

*/s/ Dennis M. Cavanaugh*
Dennis M. Cavanaugh, U.S.D.J.

Date: October 23, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File

7